UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARRELL JOHNSON,<br><br>   Plaintiff,<br><br> v.<br><br>CAROL PORTER *et al*.,<br><br>   Defendants. | Case No. C06-5342RBL<br><br>ORDER TO AMEND THE COMPLAINT |

  This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis*. Plaintiff names Superintendent Carol Porter as a defendant in this action. (Dkt. # 1 proposed complaint). The court has reviewed the proposed complaint and finds it deficient.

  While the caption includes the term *et al*, plaintiff does not name any person in the body of the complaint. Other than being named as the defendant in the caption there is no mention of Carol Porter and no indication she played any part in the events that form the complaint. People are referred to by there job titles such as "the night observer" or "the guards." (Dkt. # 1).

  Plaintiff complains that he had a stroke prior to incarceration and when he was transported to

ORDER

the prison a catheter was removed.  He complains that he was unable to urinate while in an observation cell at the Washington Corrections Center, and staff on duty, including an observer and several correctional officers, refused his repeated cries for help.  (Dkt. # 1, proposed complaint).

Plaintiff complains he was in extreme pain and grabbed a piece of broom straw he found in the observation cell and forced it into his penis until he felt a pop.  He alleges his bladder then voided a mixture of urine and blood.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

In addition, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. Padway v. Palches, 665 F.2d 965 (9th Cir. 1982).

If plaintiff wishes to state a claim for inadequate medical treatment he must allege facts showing what treatment he asked for, what treatment was given and who provided or denied the treatment.  The court is not generally able to obtain service over a person when only a title such as "the night observer" is provided.

Plaintiff is instructed to file an amended complaint curing, if possible, the above-mentioned defects by **September 29th, 2006.**  If an amended complaint is not timely filed, or if plaintiff fails to adequately correct the deficiencies identified in this Order, the Court will recommend dismissal of this action as frivolous.  Such dismissal would count as a strike under the provisions of the Prison

ORDER

1  Litigation Reform Act.

2      Plaintiff is reminded he will need to send a filled out Marshal Service form and a copy of the

3  Amended complaint for each person he wishes the court to attempt to serve.

4      The Clerk is directed to send plaintiff a copy of this Order and note **the September 29th,**

5  **2006** due date.

6

7      DATED this 28th day of August, 2006.

8

9                    */S/ J. Kelley Arnold*
                    J. Kelley Arnold
                    United States Magistrate Judge

28  ORDER