---

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARRELL JOHNSON,

        Plaintiff,

   v.

CAROL PORTER *et al.*,

        Defendants.

Case No. C06-5342RBL

ORDER DENYING APPOINTMENT OF COUNSEL AND GRANTING AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff was given leave to proceed *in forma pauperis.* The Court reviewed the complaint and found it deficient. Plaintiff was ordered to file an amended complaint and given until September 29th, 2006 to comply.

      Since the filing of that order plaintiff has filed three documents. The first document is a letter asking if an attorney would be appointed for his case. (Dkt. # 10). The second motion is titled as a "Motion to Join Defendants". (Dkt. # 11). In the second motion plaintiff asks to have Michael J. Whelan and several John Does added to this action but he list no facts concerning these persons and does not cure any defect in the original complaint. (Dkt. # 11). The final filing from plaintiff again asks for counsel and plaintiff places documents before the court showing he is trying to review his medical file to obtain names of possible defendants but there is a time delay because of the

ORDER

Department of Corrections not allowing a timely review of the files. (Dkt. # 12). Attached to this document is an attempt to amend the compliant that names multiple John Does and gives facts.

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the court, under 28 U.S.C. § 1915(d), can request counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Wilborn, 789 F.2d at 1331.

Plaintiff has made no showing of likelihood of success on the merits, although the facts in his complaint are sufficient to state a claim. The current complaint is deficient because parties are not named and the facts are not tied to the actions of any named party. Plaintiff has articulated his facts well. Accordingly, Plaintiff's Motions to Appoint Counsel (Dkt. # 10 and 12) are **DENIED**.

The proposed amended complaint is a step in the right direction. However, the naming of multiple John Does will not be sufficient for purposes of service of process. (Dkt. # 12). The "Kite" Mr. Johnson has provided shows prison officials stating there are appointments available in October for review of his medical files.

An Extension of time to submit an amended complaint is in order. Plaintiff will have until **November 10th, 2006** to file his amended complaint.

The Clerk is directed to send plaintiff a copy of this Order and note **the November 10th, 2006** due date.

DATED this 18th day of September, 2006.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER